# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID HARVEY,                          )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )          Case No. 05-1114-JTM-DWB
                                       )
VIA CHRISTI REGIONAL                   )
MEDICAL CENTER, INC., *et al.*,        )
                                       )
                    Defendants.        )
_____)

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Permission to Designate Expert Witness Out of Time filed on February 8, 2006.  (Doc. 44.)  At a telephone status conference on February 9, 2006, the Court directed that any responses to the motion be filed on or before February 22, 2006.  (Doc. 45.)  None of the Defendants filed a response.[1]

In this context, the Court also considers the Motions to Stay Expert Disclosure Deadline filed by Defendant Gary Jost, M.D. (Doc. 42) and LyNette Johnson, M.D. (Doc. 44), both of which were filed on February 6, 2006.[2]

---

[1]  Counsel for Defendant LyNette Johnson, M.D. informed the Court by letter dated February 22, 2006, that he would not be filing a response to Plaintiff's Motion.

[2]  In their separate motions, Defendants Johnson and Jost both indicated that they intended to file Motions for Summary Judgment in the absence of expert witness testimony from Plaintiff.  As such, both requested that the Court stay Defendants' expert

# BACKGROUND

Plaintiff filed his Complaint on April 22, 2005, claiming injury and damages as a result of alleged medical malpractice by Defendants.  (Doc. 1.)  After Defendants filed their individual answers, a scheduling conference was held and the Scheduling Order was entered on July 6, 2005. (Doc. 23).  The Scheduling Order listed Plaintiff's expert disclosure deadline as December 6, 2005, with Defendants' expert disclosure deadline as February 6, 2006.  Counsel agreed that no rebuttal experts would be permitted.

Plaintiff's counsel admits that he did not meet his expert deadline although it was entered correctly on his computer notification system, which should have provided him with "alerts" thirty days prior to the deadline.  (Doc. 44 at 2.)  Even so, Plaintiff's counsel contends that his failure to meet the deadline was due to "excusable neglect."  (*Id.*)  Apparently, Plaintiff's counsel was not reminded of the deadline until he received the expert report and disclosures from Defendant Via Christi on or about February 7, 2006.  Plaintiff filed the present motion the next day, February 8, 2006.  (Doc. 44.)

---

disclosure deadline pending a ruling on their "soon-to-be filed" motions for summary judgment.  (Docs. 42 at 2, 43 at 1-2.)

# DISCUSSION

Disclosure of expert testimony is controlled by Fed.R.Civ.P. 26(a)(2).  The rule provides, in relevant part, that an expert disclosure shall

> be accompanied by a written report prepared and signed by the witness.  The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed.R.Civ.P. 26(a)(2)(B).  The rule further states that "[t]hese disclosures **shall** be made at the times and in the sequence directed by the court."  Fed.R.Civ.P. 26(a)(2)(C) (emphasis added).  As stated above, the Court set Plaintiff's expert disclosure deadline for December 6, 2005.

District Court of Kansas Local Rule 6.1 covers motions for extensions of time.  The rule "provides that an extension of time will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."  ***Howard v. TMW Enterprises, Inc***., 32 F.Supp.2d 1244, 1254 (D.Kan. 1998).  As stated previously, Plaintiff's counsel had placed the

3

deadline on his computer notification system.  (Doc. 44 at 2.)  Further, "alerts were present to alert plaintiff's counsel to designate said expert witness within thirty days prior to the deadline."  (*Id*.)  Despite employing these safeguards, Plaintiff's counsel missed the deadline.

Plaintiff's counsel admittedly "has no excuse for nor does he know why the deadline was not met."  (*Id*.)  He does, however, "believe" that his oversight constitutes "excusable neglect under the circumstances."  (*Id*.)  The U.S. Supreme Court addressed the issue of "excusable neglect" in the decision of *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).  The *Pioneer* Court noted that the common meaning of "neglect" is "'to give little attention or respect' to a matter, or...'to leave undone or unattended to *esp[ecially] through carelessness*.'"  *Id*. at 388, 113 S.Ct. at 1494-95 (emphasis in *Pioneer*) (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)); *see also City of Chanute, Kansas v. Williams Natural Gas Co*., 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting *Pioneer*).  It is uncontested that Plaintiff's counsel neglected the December 6, 2005, expert deadline.  The issue before the Court, therefore, is whether such neglect was excusable.

Plaintiff's motion does not specify whether the computer alert failed to operate or whether counsel simply failed to heed to the alert. Even so, although the

4

circumstances present a "close call," the Court finds that Plaintiff's counsel did not completely ignore or disregard the deadline.  Counsel (or his staff, at his direction) went to the effort to place the deadline on his electronic calendar and include a "tickler" to alert him 30 days prior to the deadline.

Further, as stated previously, none of the Defendants has filed a response to Plaintiff's motion and the time to do so has expired.  "If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." ***D.Kan. Rule 7.4***.

The Court, therefore, GRANTS Plaintiff's Motion.  (Doc. 44.)  Considering this ruling, the Court finds the two Motions to Stay Expert Disclosure Deadline filed by Defendant Jost (Doc. 42) and Defendant Johnson (Doc. 43) are DENIED as MOOT.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Permission to Designate Expert Witness Out of Time is GRANTED.  Plaintiff shall designate his expert(s) and provide the required expert disclosures no later than **March 17, 2006.**  Defendants shall have until **May 17, 2006** to serve their expert disclosures.

**IT IS FURTHER ORDERED** that the following deadlines set in the Scheduling Order (Doc. 23) are hereby RE-SET as follows:

1.      any Rule 35 examinations shall be completed by **May 1, 2006**;

2.      all discovery shall be completed by **May 22, 2006;**

3.      the pretrial conference is RE-SET for **May 26, 2006 at 10:30 a.m.**;

4.      the draft pretrial order shall be submitted by **May 22, 2006**; and

5.      the dispositive motion deadline is **June 9, 2006.**

**IT IS FURTHER ORDERED THAT** the date for the *in limine* conference of **November 1, 2006 at 2:30 p.m.** and the trial date of **November 7, 2006 at 9:00 a.m.**, as well as  the deadlines for *Daubert* motions, *in limine* motions, and proposed jury instructions, **all remain as set in the Scheduling Order (Doc. 23).**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 28th day of February, 2006.

    s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge

6